IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AEROCARE MEDICAL TRANSPORT SYSTEM, INC., f/k/a R&M AVIATION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. ) |
| CIGNA HEALTH MANAGEMENT, INC. AND KUEHNE + NAGEL, INC., | ) ) ) |
| Defendants. | ) |

## COMPLAINT

Now comes the Plaintiff, Aerocare Medical Transport System, Inc., f/k/a R&M Aviation, Inc. ("Aerocare"), by its attorneys, Mark D. DeBofsky, DeBofsky, Sherman & Casciari, P.C., and Paul Hershberg (seeking pro hac vice admission); and complaining against Defendants, states as follows:

## NATURE OF ACTION

1. Plaintiff brings a civil action pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover benefits due under an employee welfare benefit plan in relation to emergency air ambulance transportation services performed by Plaintiff on March 15, 2016 to fly a plan participant, Jacqueline Russo, from Mexico City, Mexico to Advocate Christ Hospital in Oak Lawn, Illinois, in order to undergo surgical treatment to repair an aortic dissection that occurred while Russo was in Mexico City and which could not be fully repaired at that location.

2. Aerocare is the assignee of Jacqueline Russo's claim for benefits relating to services provided by Aerocare on March 15, 2016 and seeks to recover benefits under the terms of an employee welfare benefit plan, prejudgment interest, and attorney's fees.

3. Aerocare is in the business of providing fixed wing aircraft fully equipped for the medical needs of patients requiring emergency air transportation and of staffing such aircraft with highly qualified medical personnel who are on-call to respond immediately to a call to transport critical care patients from any place on the globe where an aircraft can be landed in order to medically evacuate a patient to a suitable location that is able to provide life-saving care.

## JURISDICTION AND VENUE

4. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"), and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Additionally, this action may be brought under 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

5. The ERISA statute provides, at § 503 (29 U.S.C. § 1133), a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted prior to the filing of this complaint.

6. Venue is proper in the Northern District of Illinois. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

## PARTIES

7. At all times relevant hereto, Defendant Kuehne + Nagel, Inc. was the sponsor and nominal plan administrator for a health benefit plan for which administrative services are provided by Cigna Health Management, Inc. At all relevant times, Jacqueline Russo was a vice president of Kuehne + Nagel, Inc. and a participant in said plan in accordance with 29 U.S.C. § 1002(7).

8. Aerocare, which is based in Sugar Grove, Illinois, is a provider of highly specialized international air ambulance transportation services for critical care patients who require such services. The claim for services provided was duly assigned to Aerocare by Stan Gerger, a

Kuehne + Nagel, Inc. employee, on March 14, 2016.

## STATEMENT OF FACTS

9. While she was traveling from her home in the Chicago area to Mexico City on business on behalf of Kuehne + Nagel, on March 4, 2016, Jacqueline Russo experienced a life-threatening cardiac event - a Type A aortic dissection.

10. Although Ms. Russo was initially treated on an emergency basis at Hospital Angelas de la Lomas in Mexico City, the physicians at that facility could not fully repair Ms. Russo's life-threatening condition due to a lack of adequate equipment and staffing. The physicians in Mexico City thus determined that it was medically necessary for Ms. Russo to be transported by air to an appropriate medical facility in the United States to undergo lifesaving surgery.

11. Because Ms. Russo's condition was a critical emergency where death could result, and because there was no time to research alternative places where she could receive adequate treatment, her family immediately reached out to a cardiologist at Advocate Christ Hospital (ACH) Cardiac Institute who had previously treated Ms. Russo for an underlying cardiac condition; and Dr. Peter Diamond at ACH deemed it medically necessary for Ms. Russo to receive immediate air ambulance transportation from Mexico City to ACH, the most comprehensive and experienced cardiac care center in Illinois (https://www.advocatehealth.com/cmc/health-services/advocate-heart-institute/), and nationally recognized for its expertise (https://health.usnews.com/best-hospitals/area/il/advocate-christ-medical-center-6432413/cardiology-and-heart-surgery) in order for her to undergo life-saving surgery.

12. Arrangements were then made for Aerocare to provide the necessary air ambulance transportation; and upon arrival at ACH, Ms. Russo underwent successful surgery.

13. Following the transport, a claim for services was submitted to Cigna by Aerocare (Claim Reference No. 868 1608 3169 51)(Cigna Account No. 3189952)(Customer ID No. U09915730). The charges were billed using the Healthcare Common Procedure Coding System under codes A430 and A435. Code A430 is the code used for "Ambulance service, conventional air services, transport, one way (fixed wing)" and Code A 435 is the code for "Fixed wing air mileage, per statute mile". Code A430 was billed in the amount of $15,000, while Code A435 was billed in the amount of $464,750, which was comprised of a rate of $250 per mile for 1859 miles. Such charges are consistent with typical industry charges for such services according to data compiled by an organization known as "Context44 Health," which is based in the Chicago area and has been in the business of conducting analyses of usual, customary and reasonable charges for medical services since 1994 and utilizes more than one billion provider transactions in compiling such data.

14. Despite the necessity of emergency air ambulance transportation, which requires the use of specially medically equipped fixed wing aircraft and highly skilled specialized medical personnel to manage the patient's condition from pickup at the transporting hospital to delivery at the receiving hospital, Cigna rejected Plaintiff's claim and refused to reimburse any portion of the charges incurred by Aerocare in transporting Ms. Russo from Mexico City to the Chicago area.

15. Subsequent to Cigna's denial, Aerocare submitted a timely pre-litigation appeal pursuant to 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1 supported by substantial evidence demonstrating the necessity of the services provided; however, Cigna upheld the denial and other than an initial retainer payment, no payment for the services rendered was made by Kuehne + Nagel, Inc. either.

16. Because the services provided were covered by the subject employee welfare plan

and there was no basis for Defendants' refusal to reimburse the Plaintiff's costs, benefits are due under the terms of the Plan for the critical life-saving services provided and which were services that were encompassed under the plan. In addition, Plaintiff seeks pre-judgment interest and attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

WHEREFORE, Aerocare seeks judgment in its favor and against the defendants, as follows:

A. Reimbursement of the reasonable and necessary air-ambulance service costs incurred for Jacqueline Russo's emergency air transportation between Mexico City and Oak Lawn, Illinois on March 15, 2016

B. Prejudgment interest on the costs incurred by Plaintiff;

C. Attorneys' fees; and

D. Costs of suit.

Dated: September 21, 2018

AEROCARE MEDICAL TRANSPORT SYSTEM, INC.

/s/ Mark D. DeBofsky
One of the attorneys for Plaintiff

Mark D. DeBofsky
DeBofsky, Sherman & Casciari, P.C.
200 W. Madison St., Suite 2670
Chicago, Illinois 60606
(312) 561-4040
FAX (312) 929-0309

*Of Counsel*:

Paul Hershberg (seeking pro hac vice admission)
Paul Hershberg Law, PLLC
1161 East Broadway
Louisville, Kentucky 40204
(502) 736-7040
Fax (502) 736-7510