# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AEROCARE MEDICAL TRANSPORT SYSTEM, INC., f/k/a R&M AVIATION, INC., | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) No. 18 C 06437 |
| | ) Judge John J. Tharp, Jr. |
| CIGNA HEALTH MANAGEMENT, INC. and KUEHNE + NAGEL, INC., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Kuehne + Nagel, a global transport and logistics company, maintains a self-insured health benefit plan for its employees, for which Cigna Health and Life Insurance Company[1] provides claim administration services. While traveling abroad on business in March 2016, a Kuehne + Nagel employee suffered an aortic dissection and had to be transported to a medical facility in the United States for treatment. The plaintiff, Aerocare, provided air ambulance transportation for the Kuehne + Nagel employee and later submitted a claim for those services to Cigna. Cigna denied the claim. Aerocare filed this action seeking reimbursement under ERISA, 29 U.S.C. § 1132(a)(1)(B). Cigna filed a motion to dismiss, arguing that it is not a proper defendant to Aerocare's claim. For the reasons stated below, the Court agrees. Cigna's motion to dismiss is granted. Cigna is dismissed from this case.

---

[1] Cigna states that it was incorrectly sued as Cigna Health Management, Inc. rather than Cigna Health and Life Insurance Company. Mem. Supp. MTD at 1, ECF No. 18. Plaintiff does not dispute this. *See* Pl.'s Resp. MTD at 1, ECF No. 22.

**Background**

In March 2016, a Kuehne + Nagel employee traveling for business in Mexico City suffered an aortic dissection.[2] The employee was initially treated in Mexico City, but physicians deemed it necessary for the employee to be transported by air to the United States for surgery. Aerocare provided air ambulance transport, and upon arrival the employee underwent successful surgery at Advocate Christ Hospital in Oak Lawn, Illinois.

Aerocare submitted a claim for services to Cigna, which provides administrative services for Kuehne + Nagel's employee welfare plan. The charges were billed under two codes, one for "Ambulance service, conventional air services, transport, one way (fixed wing)" in the amount of $15,000, and the other for "Fixed wing air mileage, per statute mile" in the amount of $464,750 ($250 per mile for 1,859 miles). According to the complaint, Cigna rejected Aerocare's claim and refused to reimburse any portion of the charges incurred. Aerocare submitted a pre-litigation appeal allegedly demonstrating the necessity of the services provided, but Cigna upheld the denial. Kuehne + Nagel has also not reimbursed Aerocare for these services.

Aerocare filed this ERISA action to "recover benefits due . . . under the terms of [the] plan." 29 U.S.C. § 1132(a)(1)(B). Aerocare argues that these services were covered by the employee welfare plan, that there was no basis for the defendants' refusal to reimburse the plaintiff's costs, and that benefits are due to them under the terms of the employee welfare plan. Cigna filed a motion to dismiss arguing that it is an improper defendant in this case because it does not insure plan benefits and does not have any obligation to pay the reimbursement Aerocare seeks.

---

[2] An aortic dissection is a tear in the inner layer of the aorta, the large blood vessel branching off the heart. *See generally Aortic Dissection*, Mayo Clinic (Dec. 22, 2017), https://www.mayoclinic.org/diseases-conditions/aortic-dissection/symptoms-causes/syc-20369496.

As part of its motion to dismiss, Cigna included a copy of the summary plan description (SPD) for the employee welfare plan.[3] The first section, "Important Information," states that the benefits "ARE SELF-INSURED BY KUEHNE + NAGEL INC. WHICH IS RESPONSIBLE FOR THEIR PAYMENT. CIGNA HEALTH AND LIFE INSURANCE COMPANY (CIGNA) PROVIDES CLAIM ADMINISTRATION SERVICES TO THE PLAN, BUT CIGNA DOES NOT INSURE THE BENEFITS DESCRIBED." SPD at 5, ECF No. 18-1. Kuehne + Nagel is listed in the SPD as the Plan Administrator as well as the plan sponsor. *Id.* at 55. The SPD indicates that Kuehne + Nagel delegates authority over certain tasks to Cigna:

> The Plan Administrator delegates to Cigna the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan. Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments. The Plan Administrator also delegates to Cigna the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative.

*Id.* at 56. Notwithstanding this grant of discretionary authority, Kuehne + Nagel "reserves the right to, at any time, change or terminate benefits under the Plan, to change or terminate the eligibility of classes of employees to be covered by the Plan, to amend or eliminate any other plan term or condition, and to terminate the whole plan or any part of it." *Id.*

## **Discussion**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To

---

[3] While Aerocare did not attach the SPD to its complaint, the Court may consider it because Cigna included it in its motion to dismiss, Aerocare referenced it in its complaint, and it is central to the claim. *See Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018). Aerocare agrees, for purposes of this motion. Pl.'s Resp. MTD at 2, ECF No. 22.

survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In ruling on a motion to dismiss under Rule 12(b)(6), a court must construe all factual allegations as true and draw all reasonable inferences in the plaintiff's favor, but the court need not accept legal conclusions or conclusory allegations. *Iqbal*, 556 U.S. at 680-82.

In a claim for benefits due under § 1132(a)(1)(B), the "benefits are an obligation of the plan, so the plan is the logical and normally the only proper defendant." *Leister v. Dovetail, Inc.*, 546 F.3d 875, 879 (7th Cir. 2008). "The qualifier 'normally' is important . . . it does not follow from this general rule than an ERISA claim for benefits may *never* be brought" against another party. *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 911 (7th Cir. 2013). Instead, "a cause of action for 'benefits due' **must be brought against the party having the obligation to pay**. In other words, the *obligor* is the proper defendant on an ERISA claim to recover plan benefits." *Id.* at 913 (emphasis added). "When an employee-benefits plan is implemented by insurance and the insurance company decides contractual eligibility and benefits questions and pays the claims, an action against the insurer for benefits due 'is precisely the civil action authorized by § 1132(a)(1)(B).'" *Id.* (quoting *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011) (en banc)).

Relief under § 1132(a)(1)(B), then, must come from the obligor—the party responsible for paying benefits. *Larson*, 723 F.3d at 913. That requirement dictates that Aerocare's claim for benefits due under the plan must be dismissed. There is no dispute here about whether Cigna is

4

required to pay plan benefits; Aerocare agrees that benefits under the plan are self-insured by Kuehne + Nagel. The SPD specifically states that Kuehne + Nagel is responsible for paying benefits. SPD at 5, ECF No. 18-1. Moreover, Kuehne + Nagel maintains ultimate authority to change or terminate plan benefits, eligibility, terms and conditions, or to terminate the whole plan at any time. *Id.* at 56. Because Kuehne + Nagel, rather than Cigna, is the obligor responsible for paying benefits due, Cigna is not a proper defendant.[4]

The plaintiff asserts that because Cigna was granted discretionary authority to determine eligibility for benefits and calculate benefit payments under the plan, it is a proper defendant under the Seventh Circuit's holding that a non-plan defendant may be sued under § 1132(a)(1)(B) when it "decides contractual eligibility and benefits questions and pays the claims." *Larson*, 723 F.3d at 913. This argument simply ignores *Larson*'s unequivocal statement that a claim for benefits "must be brought against the party having the obligation to pay." *Id.* Having discretion to make claims determinations is not enough to sue an insurer under § 1132(a)(1)(B); *Larson*'s statement is in the conjunctive: the insurer must be the entity that administers "***and pays the claims.***"

Aerocare relies on the Second Circuit's decision in *N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125, 132 (2d Cir. 2015), which held that a claims administrator that was not an obligor was still a proper defendant because it "enjoyed 'sole and absolute discretion' to deny benefits and make 'final and binding' decisions as to the appeals of those denials" and was

---

[4] The Seventh Circuit has on occasion permitted suits against parties other than the plan, generally the employer, "when the lines between the plan, the plan administrator, and the plan sponsor are indistinct or contested," *Feinberg v. RM Acquisition, LLC*, 629 F.3d 671, 673 (7th Cir. 2011). Dismissal of insurers, however, is appropriate where "the lines between the employer, the plan, and the insurer/administrator [are] not fuzzy." *Larson*, 723 F.3d at 915. Here, the boundaries are distinct: the plan, the plan administrator, and the plan sponsor all refer to the same entity, Kuehne + Nagel. Cigna's role is limited and well-defined, so there is no basis to apply this exception to the general rule that only the plan is a proper defendant in an ERISA benefits claim.

5

"the only entity capable of providing direct relief" to the plaintiff. Cigna's discretion in this case is much more limited: while Cigna has the authority to determine plan and benefit eligibility, compute benefit payments, and review claim denials, Kuehne + Nagel reserves the right to change or terminate plan benefits and eligible classes of employees, to amend or eliminate any provision of the plan, and to terminate all or part of the plan at any time. Accordingly, Cigna does not have "sole and absolute discretion" over the plan, nor is it the only entity capable of providing direct relief to the plaintiff.[5] The Second Circuit did "not decide whether a claims administrator that exercises less than total control over the benefits denial process is an appropriate defendant under § 502(a)(1)(B)." *Id.* at 132 n.5. In any event, even were it not distinguishable, *N.Y. State Psychiatric Ass'n* would not carry the day given *Larson*'s clear holding that the defendant in an action pursuant to § 1132(a)(1)(B) must be obligated to pay benefits; that holding does not permit a § 1132(a)(1)(B) claim against a non-obligor claims administrator—like Cigna here—with less than sole and absolute discretion to deny benefits and make final and binding decisions as to appeals of those denials.

In the alternative, the plaintiff seeks leave to amend the complaint to add a claim against Cigna for breach of fiduciary duty under § 1132(a)(3). This provision is meant to provide relief that is not available under another part of § 1132(a). *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996) (describing § 1132(a)(3) as a "catchall"). Said differently, "if relief is available . . . under subsection (a)(1)(B), then that relief is unavailable under subsection (a)(3)." *Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 805 (7th Cir. 2009). When a plaintiff has a right to bring a claim under § 1132(a)(1)(B), regardless of its merits, the plaintiff may not seek relief under § 1132(a)(3)).

---

[5] The plaintiff's concerns about litigation risks and discovery problems if Cigna is dismissed are not well-founded. If the Court finds that Aerocare is owed benefits, the judgment would protect its interests, and avoiding inconvenience is not a reason to retain an improper party.

6

*Clark v. Hewitt Assocs., LLC*, 294 F. Supp. 2d 946, 950 (N.D. Ill. 2003). And, indeed, Aerocare's counsel has advanced this argument in many prior cases without success. *See*, *e.g.*, *Halley v. Aetna Life Ins. Co.*, No. 13-CV-6436, 2014 WL 4463239 (N.D. Ill. Sept. 10, 2014) (providing a thorough discussion explaining why an equitable claim under § 1132(a)(3) cannot be pursued to recover benefits that can be sought pursuant to § 1132(a)(1)(B)); *Andujar v. Sun Life Assurance Co. of Canada*, No. 14-CV-2792, 2014 WL 4099800, at *2 (N.D. Ill. Aug. 20, 2014) ("Cases in this district dismissing § 502(a)(3) claims brought concurrently with § 502(a)(1)(B) claims are legion, and they continue to accumulate."). Because Aerocare's putative claim for breach of fiduciary duty is premised on the same set of facts, namely the denial of benefits, it cannot amend the complaint to proceed with a claim under § 1132(a)(3). *See Griffin v. TeamCare*, 909 F.3d 842, 846 (7th Cir. 2018) ("Section 1132(a)(1)(B) offers damages, so equitable relief is not available for the same conduct."); *Hakim v. Accenture U.S. Pension Plan*, 656 F. Supp. 2d 801, 811 (N.D. Ill. 2009) ("where a plaintiff's § 502(a)(3) and § 502(a)(1)(B) claims are largely indistinguishable (*i.e.*, 'the equitable claims . . . are "nothing more than repackaged denial of benefits claims"'), the equitable claims must be dismissed").

Based on the foregoing, Cigna's motion to dismiss is granted. Defendant Cigna Health and Life Insurance Company is dismissed from this case.

Date: January 29, 2020

John J. Tharp, Jr.
United States District Judge